```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF TEXAS
                       FORT WORTH DIVISION

PAUL CURTIS LEGGETT              §
                                 §
VS.                              §  CIVIL ACTION NO.4:13-CV-155-Y
                                 §
LAFAYETTE WINDOM, et al.         §
```

OPINION and ORDER OF PARTIAL DISMISSAL UNDER
28 U.S.C. § 1915A(B)(1) and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(ii)

This case is before the Court for review of pro-se plaintiff Paul Curtis Leggett's case under the screening provisions of 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Leggett, then an inmate at the Tarrant County jail, filed a form civil-rights complaint seeking relief under 42 U.S.C. § 1983.[1] He named as defendants Lafayette Windon, mail-room officer, Tarrant County jail; Officer Clay, law library officer, Tarrant County jail; and Tarrant County Officers Opdahl and Pierson. (Compl. Style; § IV(B).) The Court directed Leggett to file a more definite statement. Leggett filed a more definite statement responsive to the Court's questions, and then he filed an addendum to the more definite statement. Thus, the complaint, more definite statement, and more definite statement addendum are subject to review. Leggett seeks compensatory damages and he seeks the return of items of personal property. (Compl. § VI.)

---

[1] Leggett was subsequently transferred to the Texas Department of Criminal Justice, Wynne unit.

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[2] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[3] Furthermore, as a part of the Prison Litigation Reform Act, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[4] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[5] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[6] After review of the complaint and more definite statements, the court concludes that all of Leggett's claims against the defendants listed in the pleadings, except one,

---

[2] *Neitzke v. Williams*, 490 U.S. 319,328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West 2006).

[3] *See* 28 U.S.C.A. § 1915(e)(2)(West 2006); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[4] *See* 28 U.S.C.A. § 1915A(a)(West 2006).

[5] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[6] *Id.*(citing *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)).

2

must be dismissed under these provisions.[7]

In order to assert a claim for damages for violation of federal constitutional rights under 42 U.S.C. § 1983,[8] a plaintiff must set forth facts in support of the required elements of a § 1983 action: (1) that he has been deprived of a right secured by the Constitution or laws of the United States; and (2) that the defendants deprived him of such right while acting under color of law.[9] As to defendant Lafayette Windom, Plaintiff's allegations fail to satisfy the first element. As to this defendant, plaintiff Leggett complains of interference with his legal mail. In order to support a claim for interference with the right of access to court or a violation of the First Amendment based on the handling of legal mail,[10] a claimant

---

[7]In the more definite statement, Leggett recites additional facts about events that took place in May and June of 2013 he was housed at the TDCJ--Wynne unit, unrelated to the Tarrant County dates, events, and defendants in this case. Any claims related to the actions of persons at the Wynne unit will be dismissed without prejudice to Leggett's right to file a separate suit challenging such events in the district court where he is incarcerated.

[8]"Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C.A. § 1983 (West 2012).

[9]*See West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5th Cir. 1993).

[10] *See Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993) (legal mail tampering claim implicates both right of access to courts and right to free speech); *Brewer v. Wilkinson,* 3 F.3d 816, 819 (5th Cir. 1993),*cert. den'd,* 510 U.S. 1123 (1994)(same); *see generally Bill Johnson's Restaurants, Inc. v. NLRB,* 461 U.S. 731, 741 (1983)("[T]he right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances")(citation omitted); *Bounds v. Smith,* 430 U.S. 817, 819-20 (1977)(recognizing prisoners constitutional right of access to courts).

3

must do more than allege simply that his legal mail was opened and inspected outside of his presence.[11] The United States Court of Appeals for the Fifth Circuit recently restated that "[t]he opening of incoming legal mail outside an inmate's presence for the purpose of inspecting for contraband does not violate a prisoner's constitutional rights."[12]

First, Leggett alleges that a mailing he received in March 2011 from a person named Clayte Binyon consulting with him about a disability claim to the Veterans Administration (VA) was delivered to him opened and a without a pre-addressed envelope that had been included. (Compl. § V.)  Leggett contends that the envelope was removed and never given to him, and he complains that this caused a two-year delay in the submission and processing of a claim to the VA. (More Definite Statement (MDS) at ¶ 2A.) Although Leggett recites that the Texas Veteran's Commission has informed him that his claim is "back on track," he complains that the "amount of time between 03/30/2011 and 03/14/2013 was a period of uncertainty as to whether the claim was valid due to the interrupted required

---

[11] *See Walker,* 4 F.3d at 413 (allegation that incoming mail was opened and read, but not censored, did not state a constitutional violation); *Brewer,* 3 F.3d at 824(noting that allegations that mail was opened and inspected outside inmate's presence [and in violation of prison regulation], without additional allegation that such practice affected the inmate's ability to prepare or transmit a document, or allegation that the mail had been "censored," did not state a cognizable constitutional claim)(citing *Thornburgh v. Abbott*, 490 U.S. 401, 410 (1989) and *Turner v. Safley,* 482 U.S. 78, 87 (1987)).

[12] *Clemons v. Monroe,* 423 Fed. Appx. 362, 364 (5th Cir.)(citing *Brewer,* 3 F.3d at 825), *cert. den'd,* 132 S.Ct. 764 (2011).

4

procedures as indicated in the instructions by Clayte Binyon." (MDS ¶ 2(A).) In the addendum to the more definite statement, Leggett writes that the withholding of the envelope "disrupted the application process for disability to the VA . . . [and] caused unconstitutional delay of entitled benefits due to Plaintiff at a rate of $2700.00 dollars a month over a period of about two years." (July 31, 2013 MDS Addendum.) The Court will allow Leggett to obtain service of process of defendant Windom on this claim.

In the second incident of claimed interference with his mail, Leggett alleges that a four-page letter he delivered to the American Civil liberties Union (ACLU) was returned to him because he delivered it to an outdated address provided to him by the Tarrant County Law library. (MDS ¶ 2(B). He contends that when the envelope was returned to him, it appeared to have been tampered with. (MDS ¶ 2(B)). Leggett also alleges the mailing contained information relevant to his claim of self-defense for his criminal trial. (MDS ¶ 2(B)).

But this allegation fails to state a violation of Leggett's rights. First, Leggett acknowledges that he kept a copy of the papers he placed in the envelope sent to the ACLU, thus he remained free to re-mail the papers to the ACLU at the proper address. Also, Leggett has not claimed that the ACLU was his legal defense counsel, and it is not likely that such a mailing would have had any bearing on his case if he did not choose to send it to his defense lawyer.

5

Thus, the Court determines that Leggett has not stated a violation of his rights as to this second allegation against defendant Windom.

Leggett next alleges that his right of access to court was violated by the actions of law library officer Clay. Although the Supreme Court, in *Bounds v. Smith*,[13] recognized a fundamental constitutional right of access to the courts, it later clarified the scope of a prisoner's right of access to the courts and found that a prisoner must allege an actual injury to support a claim for a violation of such right:

> Because *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is sub-par in some theoretical sense . . . [t]he inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.[14]

Thus, in order to state a claim of a right to relief on the alleged facts, Leggett must set forth that the complained-of action hindered his efforts to pursue a legal claim.[15]

Leggett alleges that he was denied the right to use a copy

---

[13] 430 U.S. at 828.

[14] *Lewis v. Casey,* 518 U.S. 343, 351 (1996).

[15] *See Chriceol v. Phillips,* 169 F.3d 313, 317 (5th Cir. 1999)(inmate alleging denial of access to courts must demonstrate actual injury)((citing *Ruiz v. United States,* 160 F.3d 273,275 (5th Cir. 1998)(holding that without proof of actual injury a prisoner cannot prevail on an access-to-the-courts claim)); *see also McDonald v. Steward,* 132 F.3d 225, 230-31 (5th Cir. 1998) (noting that such a plaintiff must show prejudice to his position as a litigant)(citations omitted).

machine on two occasions to photocopy a letter he received from his son, the substance of which would have helped prove his innocence in his criminal case. (MDS ¶ 4(A) and (B). He also alleges that on another date, when he was involved in an active search of the Lexis/Nexis database within the Tarrant County law library, his access was terminated just as he was about to discover information relevant to his criminal case. (MDS ¶ 4(C).)  At the time of both incidents, Leggett was represented by counsel, and Leggett acknowledges he was able to meet with and discuss the issues raised in the letter with his counsel.[16](MDS ¶ 4(B)).  Furthermore, if there was material accessible in a legal database helpful to his defense, his attorney would have been able to gather such information. Because Leggett was then represented by counsel, and counsel was able to review the substance of the letter and able to conduct any research on his behalf, Leggett has not stated a viable claim that he sustained harm sufficient to support a claim of violation of his right of access to court.[17]

Plaintiff Leggett next asserts claims against Officer Opdahl and Pierson for allegedly failing to properly maintain and return to him a pair of swim trunks, a watch, and two aluminum design rings

---

[16]Although Leggett includes a sentence in his more definite statement related to the representation of him by attorney Ray Hall Jr., Leggett has not named Hall as a defendant or sought to assert claims against Hall in this case.

[17]*See Caraballo v. Fed. Bureau of Prisons,* 124 Fed. Appx. 284, 285 (5th Cir. 2005)(holding that because plaintiff had court-appointed counsel, he had no constitutional right of access to the law library to help prepare his defense, and therefore failed to state a claim upon which relief may be granted).

7

that were taken from him at the time of his arrest. (Compl. § V; MDS ¶ 7(A-D). Leggett has not recited the constitutional basis for his claims, but it appears that he is complaining of a loss of property without due process of law. The Fourteenth Amendment to the Constitution provides that no State shall "deprive any person of life, liberty, or property without due process of law."[18] Under the *Parrat/Hudson* doctrine, a random and unauthorized intentional deprivation of property does not give rise to a violation of the Due Process Clause if the state provides an adequate post-deprivation remedy.[19] Thus, in challenging a random intentional property deprivation,[20] the claimant must either take advantage of the available remedies or prove that the available remedies are inadequate.[21] Texas law allows recovery of monetary damages for loss

---

[18] U.S. CONST. amend. XIV § 1.

[19] *See Myers v. Klevenhagen,* 97 F.3d 91, 94 (5th Cir. 1996)(discussing the Supreme Court's decisions in *Parratt v. Taylor,* 451 U.S. 527 (1981) and *Hudson v. Palmer,* 468 U.S. 517 (1983), as dictating that a state actor's random and unauthorized deprivation of property does not result in a violation of procedural due process if the state provides an adequate post-deprivation remedy, and explaining "the doctrine protects the state from liability for failing to provide a predeprivation process in situations where it cannot anticipate the random and unauthorized actions of its officers.")

[20] To the extent that Leggett claims the loss of his property was only the result of negligence, such allegation also does not state a cause of action under § 1983. *See Daniels v. Williams,* 474 U.S. 327, 328 (1986); *see also Davidson v. Cannon,* 474 U.S. 344, 347 (1986)(noting where negligence is involved in causing a deprivation of property, no procedure for compensation is constitutionally required).

[21] *Hudson,* 468 U.S. at 534-35; *Myers,* 97 F.3d at 94.

of use of property during its period of detention.[22] Because Texas provides an adequate post-deprivation remedy for the loss of the personal-property items, Leggett's claim concerning the taking of his personal property does not rise to a violation of the Due Process Clause.[23] Thus, Leggett's allegation concerning the loss of his personal property does not amount to a violation of a constitutional right, and such claim should be dismissed.[24]

Therefore, any claims Leggett asserts related to the actions of persons at the Wynne unit are DISMISSED without prejudice to Leggett's right to file a separate lawsuit challenging such events in the district court where he is incarcerated.

Furthermore, all of Leggett's remaining claims for relief under 42 U.S.C. § 1983, except his claim against Lafayette Windom based upon interference with his mail relating to disability benefits from the Veterans Administration,[25] are DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915A(b)(1) and, alternatively, under 28 U.S.C. §§

---

[22] *See Murphy v. Collins,* 26 F.3d 541, 543 (5th Cir. 1994)(In Texas, the tort of conversion fulfills this requirement); *see also Beam v. Voss,* 568 S.W.2d 413, 420-21 (Tex.Civ.App.–San Antonio 1978, no writ)(conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another, to the exclusion of, or inconsistent with the owner's rights).

[23] *See Hudson,* 468 U.S. at 536 (noting that even where a prisoner's property was intentionally destroyed, such destruction did not violate the Fourteenth Amendment since the Commonwealth of Virginia provided the prisoner with an adequate post-deprivation remedy.)

[24] Such dismissal is, of course, without prejudice to Leggett's right to assert any state law tort claims arising out of the same facts in state court.

[25] Leggett will be allowed to complete summonses for service upon defendant Windom through a separate order issued this same day.

1915(e)(2)(B)(i) and (ii).

SIGNED August 13, 2013.

_/s/ Terry R. Means_
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

10